BOUKER CONTRACTING CO. v. FOX et al.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 148.

NAVIGABLE WATERS (§ 20*)—OBSTRUCTIONS IN STREAM—INJURIES TO PASSING VESSEL.

Respondent, who as a contractor was removing an old bridge, *held* liable for an injury to libelant's scow, which, while being towed through the bridge, struck on a stone or piece of cement which respondent had blasted from an abutment and had not removed from the channel.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 73–99; Dec. Dig. § 20.*]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding respondent liable for damages sustained by a scow which, when being towed through Pelham Bridge, struck on an obstruction in the channel. Respondent was at and prior to the time of the accident engaged in removing an old bridge and its abutments at the place in question. The contention of libelant is that some of the material which Fox had blasted off from one of the abutments fell into the channel and was not removed by him.

L. A. Sullivan, of New York City, for appellant.

W. J. Martin, of New York City, for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The cause was tried in court, and the only substantial question is one of fact. There was testimony—abundant testimony—which, if credited, would establish the proposition that the

scow struck, not on the old riprap, which was in the channel before Fox began his work, but on a fragment of stone or concrete which he had blasted off the pier and had not removed from the channel into which it fell. There was also testimony to the contrary. Judge Hand has discussed the testimony very fully and carefully, he saw and heard the witnesses, and his finding on the controverted questions of fact should not be set aside. Indeed, upon the printed record of the testimony we think his conclusion is in accord with the fair preponderance of proof.

Decree affirmed, with interest and costs.